UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA A. CRENSHAW,

        Plaintiff,         CIVIL ACTION NO. 09-CV-11417-DT

  vs.                              DISTRICT JUDGE NANCY G. EDMUNDS

GMAC MORTGAGE, LLC,       MAGISTRATE JUDGE MONA K. MAJZOUB
ORLANS ASSOCIATES,
P.C., and FEDERAL DEPOSIT
INSURANCE CORP.,

        Defendants.
                                      /

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCKET NO. 29)

This matter comes before the Court on Plaintiff's Motion for Reconsideration filed on November 30, 2009. (Docket no. 29). Defendants have not filed a response and the time for responding has expired. All pretrial matters have been referred to the undersigned for decision. (Docket no. 21). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff filed an action to quiet title and for declaratory relief in connection with a September 11, 2007 residential mortgage foreclosure. In her verified Complaint she also seeks a temporary restraining order and injunctive relief against eviction, and damages for tortious interference with contract. (Docket no. 17, ex. A). Each of the Defendants has filed a dispositive motion in this case. On May 5, 2009 Defendant Orlans Associates, P.C. ("Defendant Orlans") filed a Motion to Dismiss. (Docket no. 15). Defendant Federal Deposit Insurance Corp. ("Defendant FDIC") filed a Motion for Summary Judgment on June 19, 2009. (Docket no. 17). On September 16, 2009 Defendant

1

GMAC Mortgage, LLC ("Defendant GMACM") filed a Motion to Dismiss and Motion for Summary Judgment. (Docket no. 24).

After her attorney withdrew from the case Plaintiff filed a pro se response to the Defendants' motions to dismiss. (Docket no. 25). The response consists of three pages of single-spaced type, with very small font and significantly reduced margins. On the second page of her response the bottom margin is cut off and is completely illegible. (Docket no. 25, p. 2). As a result, on October 8, 2009 the Court struck Plaintiff's motion because it failed to comply with E.D. Mich. LR 5.1(a). (Docket no. 27). In an effort to provide Plaintiff with an opportunity to conform her response to the Local Rule, the Court gave the Plaintiff an additional eight days to file an amended response. (Docket no. 27). The Court recited Local Rule 5.1(a) verbatim in the order, informing the Plaintiff exactly what she was required to do to conform her response to the rule. The Plaintiff did not file an amended response to the Defendants' motions.

On November 30, 2009 Plaintiff filed the instant Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1). (Docket no. 29). Plaintiff argues that Rule 60(b)(1) permits the Court to relieve a party from a final judgment or order for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). She bases her argument on excusable neglect, claiming that she did not receive notice of the Court's order striking her response until November 16, 2009 because the order mailed to her by the Court was returned as undeliverable. Plaintiff further argues that the order striking her pleading was not signed by the judge and that the Court violated Plaintiff's rights under 18 U.S.C. § 241 and § 242. Finally, she argues that pro se pleadings should be afforded leniency.

The October 8, 2009 order is not a final order, hence Rule 60(b)(1) is not applicable. The

2

Court will construe Plaintiff's motion as a Motion for Reconsideration pursuant to E.D. Mich. LR 7.1(g). Under the version of the Local Rule in effect when the order was entered, the Plaintiff was required to file her Motion for Reconsideration within ten days after entry of the Court's judgment or order. E.D. Mich. LR 7.1(g)(1). Plaintiff's proof of service attached to her motion is dated November 30, 2009 - fifty-three days after the Court entered the order striking the Plaintiff's responsive pleading. Her motion is untimely and may be dismissed for this reason.

In order to prevail on a Motion for Reconsideration, the Plaintiff must show a palpable defect by which the Court and the parties have been misled, and that a different disposition would result from a correction of the defect. E.D. Mich. LR 7.1(g)(3). Plaintiff has not shown a palpable defect by which the Court and the parties have been misled. The order striking Plaintiff's response mistakenly states that Plaintiff's response failed to conform with Federal Rule of Civil Procedure 5.1(a), rather than E.D. Mich. LR 5.1(a). However, the order provides a verbatim recitation of Local Rule 5.1(a) and clearly identifies the actions the Plaintiff is required to take in order to file a proper response.

The Court finds no merit in Plaintiff's arguments that the order was not signed, that it violated 18 U.S.C. § 241 and § 242, and that the Plaintiff's response should have been afforded greater leniency. The Court signed the order striking Plaintiff's response. Additionally, 18 U.S.C. § 241 and § 242 are federal criminal statutes which do not support a private civil cause of action. *Mallory-Bey v. Novastar Mortgage, Inc.*, No. 07-14374, 2008 WL 5212726, at *2 (E.D. Mich. December 12, 2008). Furthermore, although pro se litigants are entitled to latitude when drafting pleadings, they are not excused from complying with basic procedural requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff filed her pro se response to the Defendants' dispositive motions on October 6, 2009. On the last page of the response Plaintiff identifies her address as 20964 Lujon Dr., Farmington Hills, Michigan. (Docket no. 25). The record shows that Plaintiff informed the Court on November 16, 2009 that the Farmington Hills address was accurate. At the time, the Farmington Hills address was also the address that was identified on the case docket. It is not surprising then that the Court would mail the notice of the order striking Plaintiff's response to the Farmington Hills address. The notice was returned to the Court as undeliverable, stamped as "Return to Sender. No such Street." Plaintiff's instant motion now shows her address as 20964 Lujon Dr., Northville, Michigan, not Farmington Hills, Michigan. (Docket no. 29 at 5).

Litigants have a duty to provide their correct address to the court. *See Trotter v. Gonzalez*, No. 03-10096, 2008 WL 2761019, at *2 (E.D. Mich. July 15, 2008). On June 22, 2009 the Court ordered Plaintiff to obtain counsel or file a document with the Court identifying her current address and phone number. (Docket no. 18). Plaintiff failed to comply with the order. Plaintiff cannot provide an inaccurate address to the Court, then petition the Court for relief from filing deadlines she missed because she did not receive timely notice of an order that was mailed to the address which she provided.

Plaintiff's four count Complaint asserts an action to quiet title and for declaratory relief, injunctive relief, and tortious interference with contract. In contrast, her response to the Defendants' dispositive motions alleges violations of the Fair Housing Act, the Equal Credit Opportunity Act, Home Ownership Equity Protection Act, Truth in Lending Act, and the Real Estate Settlement Procedures Act. Consequently, Plaintiff's response raises a litany of allegations against the Defendants which are not raised in the Complaint and to which the Defendants have not had an

4

opportunity to respond.

With her response the Plaintiff did not file supporting affidavits or exhibits which would assist the Court in determining the motions. Plaintiff, through counsel, did however file a verified Complaint which the Court may rely upon in resolving the issues. The Court concludes that neither the Plaintiff nor the Defendants will be unduly prejudiced by the Court's order striking the response. The Court will therefore exercise its discretion to deny Plaintiff's Motion for Reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED** with prejudice.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 18, 2009         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Patricia A. Crenshaw and Counsel of Record on this date.

Dated: December 18, 2009         s/ Lisa C. Bartlett
                                 Case Manager