UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA A. CRENSHAW,

        Plaintiff,                CIVIL ACTION NO. 09-CV-11417-DT

vs.

                                  DISTRICT JUDGE NANCY G. EDMUNDS

GMAC MORTGAGE, LLC,        MAGISTRATE JUDGE MONA K. MAJZOUB
ORLANS ASSOCIATES,
P.C., and FEDERAL DEPOSIT
INSURANCE CORP.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**        **RECOMMENDATION:** Defendant Orlans Associates, P.C.'s Motion to Dismiss (docket no. 15), Defendant Federal Deposit Insurance Corp.'s Motion for Summary Judgment (docket no. 17), and Defendant GMAC Mortgage, LLC's Motion to Dismiss and Motion for Summary Judgment (docket no. 24) should be **GRANTED**, and Plaintiff's Complaint should be dismissed.

**II.**        **REPORT:**

Plaintiff filed an action to quiet title and for declaratory relief in connection with a September 11, 2007 residential mortgage foreclosure. In her verified Complaint she also seeks a temporary restraining order and injunctive relief against eviction, and damages for tortious interference with contract. (Docket no. 17, ex. A). Defendant Orlans Associates, P.C.'s ("Defendant Orlans") filed the instant Motion to Dismiss on May 29, 2009. (Docket no. 15). Defendant Federal Deposit Insurance Corp. ("Defendant FDIC") filed its Motion for Summary Judgment on June 19, 2009. (Docket no. 17). On September 16, 2009, Defendant GMAC Mortgage, LLC ("Defendant

GMACM") filed a Motion to Dismiss and Motion for Summary Judgment. (Docket no. 24).

On October 6, 2009 Plaintiff filed a response to the Defendants' motions. (Docket no. 25). The Court struck the response because it failed to comply with E.D. Mich. LR 5.1(a). In an effort to provide Plaintiff with an opportunity to conform her response to the Local Rules, the Court gave the Plaintiff an additional eight days to file an amended response. (Docket no. 27). Plaintiff chose instead to file a Motion for Reconsideration on November 30, 2009. (Docket no. 29). The Court denied that motion. Plaintiff has not filed an amended response to the Defendants' motions. All pretrial matters have been referred to the undersigned for decision. (Docket no. 21). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

### A. Facts and Procedural History

Plaintiff purchased residential property on October 23, 2006, financing one hundred percent of the value of the property with a first and second mortgage loan she obtained from First National Bank of Arizona. (Docket no. 17, ex. E and F). Shortly after the Plaintiff took possession of the property, she defaulted on the terms of her first mortgage loan and foreclosure proceedings were begun. On August 11, 2007, a notice of foreclosure of the property was published in the Oakland Press. (Docket no. 17, ex. H). The notice ran for four consecutive weeks and identified the law firm of Defendant Orlans as the attorneys for the servicer. The publication also stated that the Plaintiff defaulted on the conditions of a mortgage made to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender. (Docket no. 17, ex. G). At the same time, a notice of foreclosure sale was posted in a conspicuous spot on Plaintiff's property. (Docket no. 17, ex. G).

On September 11, 2007 the property was sold at public auction and a sheriff's deed was

issued to MERS as nominee for the lender. (Docket no. 17, ex. I). The redemption period expired without redemption on March 11, 2008. (Docket no. 17, ex. I). MERS quit claimed its interest in the property to the Plaintiff's lender, the First National Bank of Arizona, on July 1, 2008. (Docket no. 17, ex. J). The quit claim deed was duly recorded. (Docket no. 17, ex. J). On June 30, 2008 the First National Bank of Arizona merged with and began operating as the First National Bank of Nevada. (Docket no. 17, ex. K). On July 25, 2008 the FDIC was appointed receiver for the insolvent First National Bank of Nevada. (Docket no. 17, ex. B).

One year after the redemption period expired, Plaintiff initiated suit in the Oakland County Circuit Court on an action to quiet title, seeking declaratory relief, a temporary restraining order or injunctive relief, and claiming damages for tortious interference with contract. After the circuit court entered an order enjoining eviction, Defendant FDIC removed the action to federal court. (Docket no. 24). Plaintiff moves the Court to quiet title and grant declaratory relief concerning the parties' interests in the property. She also asks for a temporary restraining order and injunctive relief with regard to the impending eviction, and seeks damages for tortious interference with contract. Plaintiff alleges that the Defendants interfered with the contractual relationship between Plaintiff and her lender, First National Bank, when they acted without authority and initiated foreclosure of the property.

**B. Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. The motion either attacks the jurisdictional claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or it attacks the factual basis for jurisdiction. If the factual basis for jurisdiction is challenged, the court must weigh the evidence

and the plaintiff bears the burden of proving jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). If the Court considers matters outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be

evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C. Analysis

Defendant FDIC challenges the jurisdiction of this Court to consider the merits of Plaintiff's Complaint. It argues in its Motion for Summary Judgment that each of the counts asserted by Plaintiff ultimately seeks a determination of rights with respect to an asset of a failed bank for which the FDIC serves as receiver. Defendant FDIC argues that the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims because she failed to exhaust her available administrative remedies in accordance with the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821.

FIRREA prescribes a comprehensive statutory scheme authorizing the FDIC to accept appointment and act as a receiver for failing insured depository institutions. Under FIRREA, the FDIC is given broad discretion to adopt and enforce policies which promote the expeditious and efficient winding up of the affairs of failed institutions. 12 U.S.C. § 1821. Consistent with this purpose, the FDIC is authorized as receiver to develop regulations related to the allowance or disallowance of claims and may provide for the administrative determination of such claims. 12 U.S.C. § 1821(d)(4).

Under FIRREA, the FDIC is required to mail or publish notice to the institution's creditors instructing them to present their claims to the receiver by a date specified in the notice. 12 U.S.C. § 1821(d)(3). Claims filed after the established date are generally disallowed, unless the claimant did not receive notice of the appointment of the receiver in time to file the claim before the stated date, and the claim is filed in time to permit payment of the claim. 12 U.S.C. § 1821(d)(5)(C). The

prevailing view is that debtors and creditors alike are required to comply with the administrative claims process under FIRREA. *Secrest v. Indymac F.S.B.*, No. 09-10332, 2009 WL 302321, at *3 (E.D. Mich. Feb. 9, 2009) (citing cases).

Under the act, "no court shall have jurisdiction over any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver. . . ." 12 U.S.C. § 1821(d)(13)(D)(i). Consequently, before a claimant may file a judicial action seeking determination of rights with respect to an asset of a failed bank held by the FDIC as receiver, the claimant must have first filed a claim with the FDIC pursuant to the administrative claims process. *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 384-86 (6th Cir. 2008). Failure to file a claim with the FDIC and exhaust the administrative procedures acts as a jurisdictional bar to suit in federal district court. *Id.* at 385-86 (citing cases).

On July 1, 2008 MERS quit claimed its interest in the subject property to the First National Bank of Arizona which had recently merged with the First National Bank of Nevada. Shortly thereafter, the FDIC accepted appointment as receiver of the First National Bank of Nevada. The property at issue in the instant lawsuit is an asset of the now defunct First National Bank of Nevada and is subject to the authority of the FDIC as receiver.

Plaintiff' Complaint challenges the foreclosure sale and her impending eviction from the property, and seeks a determination of the parties' rights and interests with regard to the property. Defendant FDIC asserts that the Plaintiff failed to file a claim through the administrative process. She does not counter this allegation. The Court lacks jurisdiction over *any action seeking a determination of rights* with respect to an asset of an institution under the FDIC's receivership.

6

Accordingly, the Court concludes that it lacks jurisdiction over Plaintiff's quiet title action, and over Plaintiff's claims for declaratory relief, temporary restraining order, and injunctive relief.

The Court does, however, have jurisdiction over Plaintiff's allegations that Defendants tortiously interfered with contract. Plaintiff alleges in her Complaint that the Defendants are liable for their tortious interference with contract. She asserts that because the Defendants had no rights or privity under the mortgage agreement, they violated her reasonable expectation that the mortgage would be honored and would not be rescinded or foreclosed by them.

The elements of tortious interference with contract include (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the defendant; (3) an intentional or improper interference with the relationship that induces or causes a breach or termination of the relationship or expectancy; and (4) injury to the plaintiff as a result of the defendant's improper or unjustified interference. *Perceptron, Inc. v. Sensor Adaptive Machines, Inc.*. 221 F.3d 913, 921 n.7 (6th Cir. 2000). "Under Michigan law, the interference with a business relationship 'must be improper in addition to being intentional. Improper means illegal, unethical, or fraudulent.' " *Id*. at 921. (citation omitted).

The record in this case shows that Defendant GMACM was the servicer on the mortgage loans until October 29, 2007. The record further shows that Defendant Orlans acted as attorneys for the servicer. Plaintiff alleges that the Defendants wrongfully foreclosed the property. Other than Plaintiff's accusations, the record is devoid of evidence of Defendants' wrongdoing. The Court finds that the Plaintiff has failed to establish a genuine issue of material fact that Defendants Orlans and GMACM intentionally or improperly interfered with the mortgage relationship. Furthermore, Plaintiff has failed to state a cognizable claim of tortious interference with contract by Defendant

7

FDIC as receiver for First National Bank of Nevada. Accordingly, the Plaintiff's claims of tortious interference with contract should be dismissed.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  December 18, 2009                     s/ Mona K. Majzoub
                                                                    MONA K. MAJZOUB
                                                                    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Patricia A. Crenshaw and Counsel of Record on this date.

Dated: December 18, 2009              s/ Lisa C. Bartlett
                                      Case Manager